**In re Elizabeth Morada FOSS, Debtor.**

**Elizabeth Morada FOSS, Appellant,**

v.

**Arnold FOSS, Appellee.**

**BAP No. WW–95–1914–HRJ.**

**Bankruptcy No. 95–03216.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted July 25, 1996.

Decided Sept. 13, 1996.

Lisa L. Walterskirchen, Seattle, WA, for appellant Elizabeth Morada Foss.

Timothy Neal Callahan, Seattle, WA, for appellee Arnold Foss.

Before: HAGAN, RUSSELL and JONES, Bankruptcy Judges.

## OPINION

HAGAN, Bankruptcy Judge:

Elizabeth Foss (the "Debtor") moved to avoid a judicial lien on her homestead pursuant to § 522(f)(1)(A).[1] The bankruptcy court denied her motion and she appeals. WE AFFIRM.

---

**1.** Unless otherwise noted, all references herein to "section," "§" or "chapter" refer to the sections

## FACTS

The relevant facts are not in dispute. The Debtor married Arnold Foss on August 8, 1984. Prior to her marriage, the Debtor owned as separate property her residence at 4733 Martin Luther King Jr. Way S., Seattle, Washington. The Debtor never deeded the property to Mr. Foss and the residence remained in the Debtor's name throughout the Foss' nine year marriage.

On February 21, 1995, the Debtor and Mr. Foss were granted a divorce by the Superior Court of the State of Washington, King County. The divorce court found that although title to the residence was recorded in the Debtor's name only, the marital community had made contributions to the property which resulted in a $20,000 community property interest therein.

The divorce court awarded the residence to the Debtor subject to a $20,000 lien in favor of Mr. Foss. The divorce decree itself created the lien.

The Debtor filed for relief under chapter 13 of title 11 on April 17, 1995. On May 12, 1995, the Debtor filed a motion to avoid Mr. Foss' lien pursuant to § 522(f)(1)(A). The matter came before the bankruptcy court on July 10, 1995. The bankruptcy court denied the Debtor's motion to avoid the lien and the order was entered on August 11, 1995. Prior to entry of the order, the Debtor filed a motion for reconsideration which was denied by order entered on July 14, 1995.

The Debtor filed a timely notice of appeal of the order denying her motion to avoid Mr. Foss' lien. We affirm the bankruptcy court's order.

## STANDARD OF REVIEW

 We review the bankruptcy court's findings of fact for clear error. *Steinberg v. Crossland Mortgage Corp. (In re Park at Dash Point, L.P.)*, 985 F.2d 1008, 1010 (9th Cir.1993). We review questions of federal law, such as the construction of § 522(f), de novo. *Hastings v. Holmes (In re Hastings)*, 185 B.R. 811, 813 (9th Cir. BAP 1995).

or chapters of the Bankruptcy Code, 11 U.S.C. §§ 101–1330.

Questions of state law are also reviewed de novo. *Bitters v. Networks Electronic Corp. (In re Networks Electronic Corp.)*, 195 B.R. 92, 96 (9th Cir. BAP1996).

## DISCUSSION

■ The Debtor contends the lien in favor of Mr. Foss is a judgment lien securing a property settlement which impairs her homestead exemption, and therefore is avoidable under § 522(f)(1)(A). Section § 522(f)(1)(A) provides:

> Notwithstanding any waiver of exemptions ... the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled ... if such lien is—
>
> . . . .
>
> (A) a judicial lien. . . .

U.S.C. § 522(f)(1)(A).

■ In *Farrey v. Sanderfoot*, 500 U.S. 291, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991), the Supreme Court held that "unless the debtor had the property interest *to which the lien attached* at some point *before the lien attached* to that interest, he or she cannot avoid the fixing of the lien under the terms of 522(f)(1)." *Id.*, 500 U.S. at 296, 111 S.Ct. at 1829 (emphasis added). Whether the lien attached before or after the debtor obtained an interest in the property is a question of state law. *Estate of Catli v. Catli (In re Catli)*, 999 F.2d 1405, 1408 (9th Cir.1993) (*citing Sanderfoot*).

The Debtor contends her separate property interest predated the fixing of the lien because she acquired the property prior to marriage and she never changed the nature or character of her separate property interest. Mr. Foss contends his interest in the residence derives from the divorce court's recognition of a community interest in the Debtor's separate property, and that the lien does not attach to the Debtor's pre-existing separate property interest, but rather to the newly recognized community interest.

This case is remarkably similar to *In re Yerrington*, 144 B.R. 96 (9th Cir. BAP 1992), *aff'd*, 19 F.3d 32 (9th Cir.1994). In *Yerring-*

*ton*, Seth and Luba Yerrington built their residence on unimproved land which Seth had purchased before their marriage. Seth retained title to the land. *In re Yerrington*, 144 B.R. at 97. Before awarding the residence to Seth, the divorce court concluded that Luba had an equitable interest in the residence. The divorce court awarded Luba a $27,500 lien against the residence for her portion of the equity. *In re Yerrington*, 144 B.R. at 97–98.

Seth contended Luba's lien was avoidable because he had an interest in the residence both before and after the decree of divorce was entered. *In re Yerrington*, 144 B.R. at 99. The panel disagreed, holding that if the divorce court has the power to invade the previously held property right of the debtor in order to award the property to his or her spouse, then the divorce decree extinguishes all previous title and creates a brand new title interest.

> In summary, Alaska law provides that the divorce court has the power to reorder the pre-dissolution interests of the parties as required for an equitable result, even if this requires the court to invade the premarital property of one spouse for the benefit of the other. [citation omitted]. This means that the divorce court could just as easily have awarded the Property to Luba and the judicial lien to Seth, instead of the other way around. Thus, the dissolution decree destroyed the previous interests of the parties and created new ones, just as in *Sanderfoot* under Wisconsin law. The fact that Seth had an interest in the property both before and after the dissolution decree is not determinative; Luba also had an interest which was transferred to Seth and against which the lien could unavoidably attach.

*In re Yerrington*, 144 B.R. at 99–100.

■ Like Alaska law, Washington law gives the divorce court the power to reorder interests in both community and separate property.

> In a proceeding for dissolution of the marriage ... the court shall ... make such disposition of the property ... either com-

munity or separate, as shall appear just and equitable....

Wash.Rev.Code § 26.09.080 (1995).

Thus,

> [i]n a [Washington] dissolution proceeding, the trial court is authorized under RCW 26.09.080 to exercise its discretion in awarding property, and all property is before the court for distribution, whether community or separate. The characterization of property alone is not controlling; the trial court must dispose of the property in a just and equitable manner considering all the circumstances.

*In re Marriage of Pearson–Maines,* 70 Wash.App. 860, 864 n. 3, 855 P.2d 1210, 1213 n. 3 (Wash.Ct.App.1993) (citations omitted).[2]

█ Accordingly, even if the residence had remained the Debtor's separate property, the divorce court would have retained the authority to award the residence to Mr. Foss.

█ However, as in *Yerrington,* the divorce court found that both separate and community interests existed in the residence.[3] The divorce court awarded the residence to the Debtor, but granted Mr. Foss a lien against the residence in lieu of his previous community property interest therein. Consequently, although the Debtor previously held a separate interest in the property (subject to a $20,000 community property interest), the divorce decree simultaneously destroyed both the Debtor's separate property interest and the parties' community property interest and created two new property interests: (1) the Debtors's post-divorce separate property interest; and (2) Mr. Foss' $20,000 lien. Accordingly, the lien attached to the Debtor's post dissolution title at the time she received such title. Therefore, the Debtor may not avoid Mr. Foss's lien.

Additionally, we must emphasize that the holding in *Sanderfoot* makes clear that the question of what interests exist in the property prior to the dissolution of marriage is irrelevant if the court in the dissolution proceeding has the authority under state law to create new property interests and if the court actually creates such interests at the time the lien attaches. *Id.,* 500 U.S. at 299, 111 S.Ct. at 1830.

Accordingly,

> "[s]ince the [divorce court] had the power to strip the [Debtor] of [her] interest altogether, it can be reasoned that the court granted [her] the entered property on the condition that [her] prior interest would terminate and that a lien would attach to a new interest in the whole."

*In re Yerrington,* 144 B.R. at 100 n. 6 (*quoting Farrey v. Sanderfoot,* 500 U.S. at 301, 111 S.Ct. at 1832 (Kennedy, J., concurring)).

Therefore, even if the residence had remained the Debtor's separate property and no community property interest therein had been created during the marriage, the divorce decree would still have destroyed the Debtor's previous interest and created a new one. *In re Yerrington,* 144 B.R. at 99–100, 100 n. 7.

## CONCLUSION

For the reasons stated above, we conclude that under Washington law, the Debtor did not possess her present interest in the residence before Mr. Foss' lien attached. Accordingly, we affirm the denial of the Debtor's motion to avoid Mr. Foss' lien.

**2.** *See also In re Catli,* 999 F.2d at 1408 (interpreting Washington state law); *In re Marriage of Olivares,* 69 Wash.App. 324, 328–329, 848 P.2d 1281, 1284 (Wash.Ct.App.1993) (citing *Friedlander v. Friedlander,* 80 Wash.2d 293, 305, 494 P.2d 208 (Wash.1972)), *rev. den.,* 122 Wash.2d 1009, 863 P.2d 72 (Wash.1993).

**3.** The Debtor continued to argue before the bankruptcy court that the residence remained her sole and separate property throughout the nine year marriage. However, the divorce court found to the contrary. The Debtor did not appeal the divorce court's order, and the Debtor may not collaterally attack the divorce court's order here.